| | |
|---|---|
| 1 | LOEB & LOEB, LLP |
| | LAUREN J. FRIED (SBN 309005) |
| 2 | lfried@loeb.com |
| | 10100 Santa Monica Blvd., Suite 2200 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: 310.282.2000 |
| 4 | Facsimile: 310.282.2200 |
| 5 | TAL DICKSTEIN (admitted *pro hac vice*) |
| | tdickstein@loeb.com |
| 6 | SARAH LEVITAN PERRY (admitted *pro hac vice*) |
| | sperry@loeb.com |
| 7 | 345 Park Avenue |
| | New York, NY 10054 |
| 8 | Telephone: 212.407.4000 |
| | Facsimile: 646.607.3142 |
| 9 | |
| 10 | *Attorneys for Defendant* |
| | MARCO DANIEL BORRERO |
| 11 | p/k/a MAG |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EMPAWA AFRICA MUSIC SERVICES LIMITED; AND EZEANI CHIDERA GODFREY p/k/a DERA, | Case No.: 2:25-cv-03944 ODW (JPRx) |
| | Judge: Hon. Otis D. Wright, II |
| Plaintiffs, | |
| v. | **DEFENDANT MARCO DANIEL BORRERO'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| BENITO ANTONIO MARTINEZ OCASIO p/k/a BAD BUNNY; ORCHARD ENTERPRISES NY, INC.; RIMAS ENTERTAINMENT LLC; RSM PUBLISHING LLC; ROBERTO JOSE ROSADO TORRES, JR. p/k/a LA PACIENCA; CREATIVE PARK PUBLISHING; MARCO DANIEL BORRERO p/k/a MAG; UNIVERSAL MUSIC CORP.; SONGS OF UNIVERSAL INC.; SPOTIFY USA INC.; WARNER-TAMERLANE PUBLISHING CORP.; APPLE INC. d/b/a APPLE MUSIC; and DOES 1 through 10, inclusive | DATE: September 15, 2025<br>TIME: 1:30 p.m.<br>PLACE: First Street Courthouse<br>350 W. 1st Street<br>Courtroom 5D, 5th Floor<br>Los Angeles, CA 90012<br><br>Complaint Filed: May 2, 2025<br>Amended Complaint Filed: June 24, 2025<br><br>*[Filed Concurrently with (1) Declaration of Marco Daniel Borrero; (2) Declaration of Tal Dickstein; and (3) [Proposed] Order]* |
| Warner-Tamerlane. | |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 15, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendant Marco Daniel Borrero p/k/a Mag ("Borrero"), will and hereby does move the Court, located at Courtroom 5D of the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, for an Order dismissing the action against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities and [Proposed] Order submitted herewith; any additional pleadings that Borrero may file, and any additional authorities and arguments on which Borrero may rely in support of this Motion; the pleadings, papers and other records on file in this action, and on such additional evidence, argument, or other matters that may be presented at or before the hearing on the Motion.

This Motion is made following the conferences of counsel required pursuant to Local Rule 7-3 of the U.S. District Court of the Central District of California, which took place via video conference on July 9, August 1, 6 and 11, 2025.

Dated: August 12, 2025

Respectfully submitted,

LOEB & LOEB LLP

By: /s/ Tal Dickstein
Tal Dickstein
*Attorneys for Defendant*
MARCO DANIEL BORRERO
p/k/a MAG

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................6

II. STATEMENT OF FACTS....................................................................................7

III. ARGUMENT .........................................................................................................8

    A. The Court Cannot Exercise General Personal Jurisdiction Over Borrero Because He Is Not A Resident of California............................9

    B. There Is No Basis For This Court To Exercise Specific Personal Jurisdiction Over Borrero.........................................................10

        1. Plaintiffs Do Not Allege That Borrero Purposefully Directed Any Activities Toward California .............................11

        2. Plaintiffs' Claims Do Not Arise Out Of Borrero's Purported California Connections .............................................13

IV. CONCLUSION ...................................................................................................14

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

3

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Aych v. Univ. of Ariz.*,
   No. 2:23-cv-07282 ODW, 2024 U.S. Dist. LEXIS 124410 (C.D. Cal. July 15, 2024) (Wright, J.), *aff'd*, 2025 U.S. App. LEXIS 14210 (9th Cir. 2025) ................................................................ 10, 11

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ................................................................ 10, 12, 14

*Bristol-Myers Squibb Co. v. Super. Ct.*,
   582 U.S. 255 (2017) ................................................................ 11

*Browne v. Donalds*,
   No. 2:21-cv-02840-AB-AJR, 2024 U.S. Dist. LEXIS 106614 (C.D. Cal. May 28, 2024) ................................................................ 13

*Cochran v. Air & Liquid Sys. Corp.*,
   No. 2:21-cv-09612, 2022 U.S. Dist. LEXIS 187767 (C.D. Cal. Oct. 13, 2022) ................................................................ 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................ 9, 11

*Debt Registration Ctr. v. Quantum Processing*,
   8:24-cv-01050-FWS-ADS, 2025 U.S. Dist. LEXIS 127295 (C.D. Cal. July 3, 2025) ................................................................ 13

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ................................................................ 9, 14

*Dos Santos v. Telemundo*,
   SACV 12-1373 JVS (MLGx), 2012 U.S. Dist. LEXIS 189524 (C.D. Cal. Dec. 19, 2012) ................................................................ 14

*Freeney v. Bank of Am. Corp.*,
   No. CV 15-02376 MMM, 2015 U.S. Dist. LEXIS 189247 (C.D. Cal. Nov. 19, 2015) ................................................................ 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ................................................................ 9

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) ...................................................................................... 9

*Marani v. Cramer*,
  No. 4:19-cv-5538-YGR, 2024 U.S. Dist. LEXIS 66312
  (N.D. Cal. Mar. 27, 2024) ............................................................................ 12

*Mitan v. Feeney*,
  497 F. Supp. 2d 1113 (C.D. Cal. 2007) ....................................................... 10

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ..................................................................... 12

*Ruhrgas Ag v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ...................................................................................... 9

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ........................................................... 10, 11-12

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ....................................................................... 10

*Stoliarov v. Marshmello Creative, LLC*,
  No. CV 19-3934 PSG (JPRx), 2021 U.S. Dist. LEXIS 88243
  (C.D. Cal. April 7, 2021) ............................................................................. 13

*Voodoo SAS v. SayGames LLC*,
  No. 19-cv-07480-BLF, 2020 U.S. Dist. LEXIS 121879
  (N.D. Cal. July 7, 2020) .............................................................................. 14

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................... 11, 14

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) ..................................................................... 11

*Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ..................................................................... 12

**Court Rules**

Fed. R. Civ. P. 12(b)(2) ....................................................................................... 9

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Marco Daniel Borrero, professionally known as "MAG", is a songwriter and music producer who has lived in Florida since at least May 2021. In April 2022, almost a year after he moved to Florida, Borrero was asked to contribute to a song by Benito Antonio Martinez Ocasio, a recording artist professionally known as "Bad Bunny". The song would eventually be titled *Enséñame a Bailar*. Once completed, Borrero had no control over *Enséñame a Bailar*, including where it would be distributed or performed.

Plaintiffs now claim that *Enséñame a Bailar* infringes their copyrights in four other works, and seek to haul Borrero into court in California—a forum that is across the country from his Florida home and which has no connection to Borrero's work on the allegedly infringing track. To allow Plaintiffs to do so would violate Borrero's constitutional due process rights.

Plaintiffs cannot carry their burden of establishing personal jurisdiction over Borrero. Their allegations that Borrero is or was a California resident at the time of the alleged infringement or the filing of the lawsuit are flatly incorrect, and they otherwise fail to allege that Borrero has any continuous and systematic contacts with California sufficient to subject him to general personal jurisdiction in this action. Plaintiffs also fail to allege that Borrero had any claim-related contacts with California that might give rise to specific personal jurisdiction. Nor could they. Borrero did not direct any actions towards California in connection with the purportedly infringing track, and his relationships with entities, such as Warner-Tamerlane Publishing Corp., that happen to be based in California, cannot provide the basis for personal jurisdiction over Borrero.

Because there is no basis upon which this Court can exercise personal jurisdiction over Borrero, Plaintiffs' claims against him should be dismissed.

## II. STATEMENT OF FACTS

Defendant Marco Borrero is a songwriter and music producer that has resided in Florida since at least May 2021. (Declaration of Marco Daniel Borrero ("Borrero Decl.") ¶¶ 2-3.) Plaintiffs allege that Borrero co-wrote and co-produced the song *Enséñame a Bailar* which was released on defendant Ocasio's album *Un Verano Sin Ti* in May 2022. (*Id.* ¶¶ 7-8; Am. Cmplt. ¶ 4.) *Enséñame a Bailar* allegedly samples or otherwise incorporates unspecified portions of Plaintiffs' musical composition *Empty My Pocket* and its corresponding recording (and an instrumental version of each) without Plaintiffs' authorization. (Am. Cmplt. ¶¶ 4, 15.)

Although Plaintiffs assert "upon information and belief" that Borrero is a resident of Los Angeles, California (*id.* ¶ 15), that assertion is not supported by any factual allegations or evidence. In fact, Borrero moved to Florida and registered to vote there at least as early as May 2021 (Borrero Decl. ¶ 4), long before he had any involvement with *Enséñame a Bailar* and even longer before the Complaint or Amended Complaint were filed. Borrero worked on *Enséñame a Bailar* in 2022 while a resident of Florida, and during a trip to a recording studio in New York. (*Id.* ¶ 7.) Borrero did not do any work on *Enséñame a Bailar* in California. (*Id.* ¶ 8.)

Borrero is not alleged to have played any role in determining where *Enséñame a Bailar* was performed or distributed, or the locations of Bad Bunny's 2022 tour which allegedly focused on California. (*Id.* ¶ 9; *see* Am. Cmplt. ¶ 34 (no allegations that Borrero was involved in the selection of tour locations)).

Plaintiffs allege that Borrero entered into an agreement with Defendant Warner-Tamerlane, which is based in California, to exploit Borrero's interest in his compositions worldwide, and to collect and account to Borrero for royalties. (Am. Cmplt. ¶¶ 15, 19, 30.) Borrero does not receive any payments directly from Warner-Tamerlane. Instead, any funds he receives from *Enséñame a Bailar* are issued to him from a Florida corporation with its principal place of business in Florida. (Borrero

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

7

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

Decl. ¶ 11.) But even if Borrero received royalties directly from Warner-Tamerlane, that would not subject him to personal jurisdiction.

In sum, Plaintiffs' only allegations as to Borrero are that (1) he is supposedly a resident of California, (2) he contributed to the creation of *Enséñame a Bailar*, and (3) he entered an agreement with a music publisher that happens to be based in California. As set forth below, those allegations are either contradicted by indisputable evidence, or fail to provide a basis for subjecting Borrero to personal jurisdiction in this action.

### III.   ARGUMENT

Personal jurisdiction is an "essential element" of a court's ability to hear a case, "without which the court is powerless to proceed to an adjudication." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal citation omitted). Accordingly, Federal Rule of Civil Procedure 12(b)(2) requires district courts to dismiss claims against defendants who are not subject to personal jurisdiction in the forum state based on the claims asserted against them.

In determining the bounds of personal jurisdiction, "[f]ederal courts ordinarily follow state law…." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Because California's long-arm statute "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," the Court need only analyze whether personal jurisdiction over Borrero comports with constitutional due process. *Id.*

To satisfy constitutional due process concerns, the plaintiff must demonstrate that each defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) (*quoting Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). When a defendant's contacts are "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State,'" a court may exercise general personal jurisdiction. *Daimler AG*, 571 U.S. at 127 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

8

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

915, 919 (2011)). When forum contacts are less systematic, but give rise to the claims at issue, a court may exercise specific personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004).

Critically, the plaintiff bears the burden of establishing that personal jurisdiction exists—whether general or specific—as to *each defendant* named in the action. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When, on a motion to dismiss, a defendant produces evidence controverting allegations in the complaint that support personal jurisdiction, the claims can only survive if the plaintiff provides "facts, by affidavit or otherwise, supporting personal jurisdiction". *Freeney v. Bank of Am. Corp.*, No. CV 15-02376 MMM (PJWx), 2015 U.S. Dist. LEXIS 189247, at *125 (C.D. Cal. Nov. 19, 2015) (*quoting Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)).

A plaintiff is not entitled to take jurisdictional discovery to meet this pleading burden. Instead, a plaintiff is only entitled to take jurisdictional discovery where they have already established a colorable basis for jurisdiction. *See Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); *see Aych v. Univ. of Ariz.*, No. 2:23-cv-07282 ODW (MARx), 2024 U.S. Dist. LEXIS 124410, at *15 (C.D. Cal. July 15, 2024) (Wright, J.) (denying jurisdictional discovery where plaintiff failed "to demonstrate that any amount of jurisdictional discovery would produce facts sufficient to constitute a basis for personal jurisdiction"), *aff'd*, 2025 U.S. App. LEXIS 14210 (9th Cir. 2025).

### A. The Court Cannot Exercise General Personal Jurisdiction Over Borrero Because He Is Not A Resident of California

Plaintiffs have not pled and cannot establish general personal jurisdiction over Borrero. The standard for general jurisdiction is "exacting … because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. Accordingly, only a limited set of affiliations with a forum will render a

defendant amenable to general jurisdiction. *Daimler AG*, 571 U.S. at 137. For an individual, the "paradigm" forum for the exercise of general jurisdiction is the "individual's domicile." *Daimler AG*, 571 U.S. at 137.

Because Borrero is—and at the time the complaint was filed—a domiciliary of Florida (Borrero Decl. ¶ 3), he is not subject to general jurisdiction in this action. *See Cochran v. Air & Liquid Sys. Corp.*, No. 2:21-cv-09612, 2022 U.S. Dist. LEXIS 187767, at *16 (C.D. Cal. Oct. 13, 2022) (general jurisdiction determined by domicile at the time the initial complaint was filed). The Court need not accept Plaintiffs' unsupported and conclusory assertion—made solely "upon information and belief"—that Borrero was a resident of California at the time the lawsuit was filed. *See Aych*, 2024 U.S. Dist. LEXIS 124410, at *3-4 ("'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden" with respect to personal jurisdiction).

## B. There Is No Basis For This Court To Exercise Specific Personal Jurisdiction Over Borrero

Plaintiffs have also failed to establish that Borrero is subject to specific jurisdiction in this action. "In order for a court to have specific jurisdiction over a defendant, 'the defendant's *suit-related conduct* must create a substantial connection with the forum State.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017) (*quoting Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (emphasis added). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 263 (2017).

Courts in the Ninth Circuit use a three-part test for assessing specific personal jurisdiction:

> (1) the nonresident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails* himself of the

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (emphasis added). Critically, a plaintiff bears the burden on each of the first two parts, and if they fall short on either one, "the jurisdictional inquiry ends and the case must be dismissed." *Boschetto*, 539 F.3d at 1016.

### 1. Plaintiffs Do Not Allege That Borrero Purposefully Directed Any Activities Toward California

When the claim at issue is for copyright infringement, the first element of the specific personal jurisdiction analysis—purposeful direction—is assessed through its own three-part "effects test."[1] A defendant must have (a) committed an intentional act that was (b) expressly aimed at the forum state, and that (c) caused harm that the defendant knew was likely to be suffered in the forum state. *See Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006) (internal quotes omitted). The Supreme Court has emphasized that the focus of the effects test "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. at 290. Thus, "the relationship among the defendant, the forum, and the litigation" is key, and "it is the defendant, not the plaintiff *or third parties*, who must create contacts with the forum State." *Id.* (emphasis added); *see also Marani v. Cramer*, No. 4:19-cv-5538-YGR, 2024 U.S. Dist. LEXIS 66312, at *5 (N.D. Cal. Mar. 27, 2024) ("plaintiff's entire argument on personal jurisdiction . . .

---

[1] In the context of a tort claim, a court's jurisdictional analysis centers on whether a defendant "purposefully directed" his activities towards the forum rather than whether the defendant "purposefully availed" themselves of the forum. *See Schwarzenegger*, 374 F.3d at 802 (citations omitted); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (noting "purposeful availment" and "purposeful direction" are "two distinct concepts").

improperly focuses on defendant's contacts with a person who resides in California, rather than defendant's contacts with the forum state itself").

Plaintiffs' theory of specific jurisdiction does not pass the effects test. It rests on Borrero's relationship with his publishing company, Warner-Tamerlane, and his alleged receipt of royalties from that company, rather than on any direct connection that Borrero himself has with California. (Am. Cmplt. ¶ 15; Borrero Decl. ¶ 11.) Courts in this District have rejected that theory of specific personal jurisdiction. In *Browne v. Donalds*, the court rejected the plaintiff's attempt to subject two songwriter defendants to personal jurisdiction in California based on royalties flowing to their publishing companies from California entities. No. 2:21-cv-02840-AB-AJR, 2024 U.S. Dist. LEXIS 106614, at *27, *29 (C.D. Cal. May 28, 2024) (personal jurisdiction could not be based on defendants' "publishing companies [having] received monies in connection with the songs and music at issue in this case from ASCAP and other companies based in California").[2] Borrero's receipt of royalties from a Florida corporation, which in turn receives payment from Warner-Tamerlane, similarly fails to support the exercise of jurisdiction over Borrero in this action.

More generally, any collaboration that Borrero may have engaged in with individuals or businesses either based in, or that have targeted, California, fails to confer jurisdiction over Borrero. *See Debt Registration Ctr. v. Quantum Processing*, 8:24-cv-01050-FWS-ADS, 2025 U.S. Dist. LEXIS 127295, at *4 (C.D. Cal. July 3, 2025) ("personal jurisdiction over each defendant must be analyzed separately"). In *Stoliarov v. Marshmello Creative, LLC*, the court declined to exercise jurisdiction over a songwriter who contributed to an allegedly infringing work recorded in California by a California resident, because the songwriter was outside California when he contributed to the song. No. CV 19-3934 PSG (JPRx), 2021 U.S. Dist. LEXIS 88243,

---

[2] Though the court in *Browne* ultimately found the defendants were subject to jurisdiction, it did so because they had promoted and performed the purportedly infringing work in California. There is no allegation that Borrero has engaged in any such conduct in connection with *Enséñame a Bailar*. (Borrero Decl. ¶ 8.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

DEFENDANT MARCO BORRERO'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

at *9-10 (C.D. Cal. April 7, 2021). Similarly, in *Dos Santos v. Telemundo*, a court declined to exercise jurisdiction over producers of a telenovela where they did not work on the show in California. SACV 12-1373 JVS (MLGx), 2012 U.S. Dist. LEXIS 189524, at *16, *18 (C.D. Cal. Dec. 19, 2012). Thus, because Borrero did not reside in California either when he worked on *Enséñame a Bailar* or when the Complaint was filed, he is not subject to jurisdiction here, and any connection that any other contributors or distributors have to California cannot be imputed to Borrero for the purposes of subjecting him to personal jurisdiction in this District.

Because Plaintiffs do not allege that Borrero expressly aimed any conduct towards California, they cannot satisfy the "purposeful direction" test, and the Court should dismiss Plaintiffs' claims against Borrero. *See Boschetto*, 539 F.3d at 1016 (inquiry into specific personal jurisdiction ends if plaintiff fails to carry burden on first element of jurisdictional analysis).

### 2. Plaintiffs' Claims Do Not Arise Out Of Borrero's Purported California Connections

Borrero's relationship with his music publisher, Warner-Tamerlane, through his Florida entity cannot give rise to specific personal jurisdiction over Borrero for the simple reason that Plaintiffs' infringement claim does not arise from that relationship or from Borrero's indirect receipt of royalties from Warner-Tamerlane. Courts have long made clear that, in order to exercise specific personal jurisdiction over a defendant, the defendant's contacts with the forum must relate to the claims at issue. *See, e.g., Walden*, 571 U.S. at 284.

In considering whether the claims against the defendant arise out of or relate to the defendant's forum-related activities, the Ninth Circuit employs a "but for" test. *Doe*, 248 F.3d at 924 (citation omitted). Under that test, courts consider whether the plaintiff's claims "would have arisen but for [the defendant's] contacts with California." *Id.*; *see also Voodoo SAS v. SayGames LLC*, No. 19-cv-07480-BLF, 2020 U.S. Dist. LEXIS 121879, at *20 (N.D. Cal. July 7, 2020) (to prevail on this

prong of jurisdictional analysis, a plaintiff must demonstrate it would not have suffered an injury "but for" the defendant's California-related conduct).

Warner-Tamerlane is not alleged to have played any role whatsoever in Borrero's allegedly infringing work on *Enséñame a Bailar* and, therefore, Borrero's relationship with Warner-Tamerlane cannot be a "but for" cause of Borrero's alleged infringement. (Borrero Decl. ¶ 11.) Moreover, Warner-Tamerlane's collection and payment of royalties from *Enséñame a Bailar* obviously post-date any purported infringement by Borrero in creating *Enséñame a Bailar*, and therefore cannot be a "but for" cause of his alleged infringement. Accordingly, Plaintiffs' claims do not arise from Borrero's indirect relationship with Warner-Tamerlane, and so that relationship cannot support the exercise of specific jurisdiction over Borrero.

## IV.  CONCLUSION

For all the foregoing reasons, Defendant Borrero respectfully requests that the Court dismiss the claims asserted against him in the Amended Complaint in their entirety.

Dated:  August 12, 2025  LOEB & LOEB LLP

By: */s/ Tal Dickstein*
Tal Dickstein (admitted *pro hac vice*)
Lauren J. Fried
Sarah Levitan Perry (admitted *pro hac vice*)

*Attorneys for Defendant*
MARCO DANIEL BORRERO
p/k/a MAG

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Marco Daniel Borrero certifies that this brief contains 9 pages (2,812 words), which complies with the word limit of L.R. 11-6.1 and Judge Wright's Individual Procedures Section VII.A.3.

Dated: August 12, 2025         LOEB & LOEB LLP

                               By:  /s/ Tal Dickstein
                                    Tal Dickstein
                                    *Attorneys for Defendant*
                                    MARCO DANIEL BORRERO p/k/a MAG