ROBERT A. JACOBS (CA Bar No. 160350)
E-mail: rjacobs@manatt.com
SARAH E. MOSES (CA Bar No. 291491)
E-mail: smoses@manatt.com
ANDREA D. GONZALEZ (CA Bar No. 336134)
E-mail: adgonzalez@manatt.com
Manatt, Phelps & Phillips, LLP
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:  310.312.4000
Facsimile:   310.312.4224

*Attorney for Plaintiffs*
EMPAWA AFRICA MUSIC SERVICES
LIMITED and EZEANI CHIDERA
GODFREY p/k/a DERA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EMPAWA AFRICA MUSIC SERVICES LIMITED; AND EZEANI CHIDERA GODFREY p/k/a DERA,<br><br>           Plaintiffs,<br><br>     v.<br><br>BENITO ANTONIO MARTINEZ OCASIO p/k/a BAD BUNNY ET AL.,<br><br>           Defendants. | Case No. 2:25-cv-03944 ODW-BFMx<br>Hon. Otis D. Wright, II, Courtroom 5D<br><br>**MANATT, PHELPS & PHILLIPS, LLP'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS EMPAWA AFRICA MUSIC SERVICES LIMITED AND EZEANI CHIDERA GODFREY**<br><br>*[Filed concurrently with Declaration of Robert A. Jacobs; and [Proposed] Order]*<br><br>Discovery Cutoff Dates:<br>   -  Fact:      September 14, 2026<br>   -  Expert:  October 5, 2026<br>Trial:          January 26, 2027 |

## NOTICE OF APPLICATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Manatt Phelps & Phillips, LLP and its attorneys of record ("Manatt") hereby apply to this Court ex parte, pursuant to Local Rules 7-3 and 7-19, the Scheduling and Case Management Order (Dkt. # 84) and Judge Wright's Standing Orders, for an order granting Manatt's application for leave to immediately withdraw as counsel of record for Plaintiffs Empawa Africa Music Services Limited ("Empawa") and Ezeani Chidera Godfrey ("Mr. Godfrey" and, collectively, with Empawa the "Clients" or "Plaintiffs") in this action (the "Application").

This Application is made pursuant to Local Rule 83-2.3 and Rule 1.16 of the California Rules of Professional Conduct ("CRPC") on the grounds that good cause supports Manatt's withdrawal due to (i) a breakdown in Manatt's communications and overall attorney-client relationship with Plaintiffs; (ii) a conflict of interest has recently arisen due to divergent case strategies that Empawa, on the one hand, and Mr. Godfrey, on the other hand, wish to implement; (iii) the fact that Clients consent to Manatt's withdrawal and do not oppose this Application; and (iv) withdrawal will not cause any prejudice or delay resolution of the case, given that the case is still at an early stage and, pursuant to the Case Management and Scheduling Order (Dkt. # 84 at 10), trial is scheduled for January 26, 2027. (*See* Declaration of Robert A. Jacobs ("Jacobs Decl."), ¶¶ 2-4, 7.)

Moreover, ex parte relief is warranted because of the urgent need for the relief sought. As further explained in the accompanying Memorandum, a regularly-noticed motion will severely prejudice Plaintiffs and Manatt, and the exigency does not result from Manatt's own actions. (Jacobs Decl., ¶¶ 7-9.)

Pursuant to Local Rules 83-2.3, 7-3 and 7-19 and subsection 6.b and 6.c of the Case Management and Scheduling Order (Dkt. # 84 at 4-5), undersigned counsel gave advance written notice of this Application to the Clients and

Defendants and advance oral notice to Defendants (*see* Jacobs Decl., ¶¶ 5, 14), and this Application follows a conference of counsel on December 23, 2025 (*id.* ¶ 6).

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Robert A. Jacobs, and such other evidence or argument as the Court may consider.

Dated: December 31, 2025    MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert A. Jacobs*
Robert A. Jacobs
*Attorney of Record for Plaintiffs*

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   WITHDRAWAL SHOULD BE GRANTED AS GOOD CAUSE EXISTS FOR MANATT TO WITHDRAW ......................................... 1

    A.    Good Cause Exists for Granting Manatt's Application ....................... 1

        1.    Manatt Has Multiple Good Cause Grounds for Withdrawal ............................................................................ 1

        2.    The Court Should Allow Manatt To Withdraw Because It Will Not Create Delay or Prejudice as the Close of Fact Discovery and Trial Are Not Until September 2026 and January 2027, Respectively ....................................... 4

    B.    Manatt Provided Written Notice of the Application to All Plaintiffs and Defendants, and Informed Empawa in Writing that it Cannot Appear Pro Se and the Consequences Thereof ................... 5

III.  EX PARTE RELIEF IS WARRANTED HERE ........................................... 7

    A.    Ex Parte Relief is Warranted.............................................................. 7

    B.    Local Rule 7-19 and Judge Wright's Requirements are Satisfied........ 8

IV.  CONCLUSION ...................................................................................... 9

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Barrios v. Equifax Info. Servs., LLC*,
2020 WL 4919386 (C.D. Cal. June 12, 2020)......................................................2

*Bragel Int'l Inc. v Stickeebra*,
2018 WL 8244001 (C.D. Cal. Aug. 15, 2018) ....................................................4

*Cal Fresco, LLC v. Nutrition Corp, Inc.*,
2025 WL 1235139 (C.D. Cal. Apr. 18, 2025).............................................4, 5, 7

*Dale v. Wells Fargo Bank, N.A.*,
2024 WL 4002615 (C.D. Cal. Apr. 10, 2024)......................................................4

*Full Tilt Boogie, LLC v. KEP Fortune LLC*,
2022 WL 3011211 (C.D. Cal. Apr. 4, 2022) (Wright, O.D.)...............................2

*McLees v. Experian Info. Sols., Inc.*,
No. 2:23-cv-4580-SPG-KS, 2024 U.S. Dist. LEXIS 7282 (C.D.
Cal. Jan. 11, 2024) ..............................................................................................2

*Page v. Stanley*,
2014 WL 2472248 (C.D. Cal. June 2, 2014).......................................................3

*Pet Chalet v. County of Riverside*,
2015 WL 13918290 (C.D. Cal. Mar. 23, 2015) ..................................................3

*Quezada v. City of Los Angeles*,
2017 WL 2562099 (C.D. Cal. June 13, 2017) (Wright, O.D.).............................2

*Saregama India Ltd. v. Triller Platform Co.*,
2025 WL 2670878 (C.D. Cal. Aug. 1, 2025) (Wright, O.D.) .............................6

*Saregama India Ltd. v. Triller Platform Co.*,
2025 WL 2670879 (C.D. Cal. Sept. 9, 2025) (Wright, O.D.).............................6

*Shaffer v. Vanderbilt Commercial Lending, Inc.*,
2017 WL 9565566 (E.D. Cal. July 6, 2017) .......................................................5

*Trs. of the Operating Eng'rs Pension Trust v. Smith-Emery Co.*,
2021 WL 12307474 (C.D. Cal. Nov. 22, 2021) ..................................................2

*Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC*,
2018 WL 3323874 (C.D. Cal. July 5, 2018) .......................................................4

3

iv

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# RULES

Local Rule 7-3 ...................................................................................................... 5, 7

Local Rule 83-2.3.2 ............................................................................................1, 4-6

Local Rule 7-19 ................................................................................................... 1, 8

Local Rule 79-6 ....................................................................................................... 7

Rule 1.4 of the California Rules of Professional Conduct ........................................ 3

Rule 1.6 of the California Rules of Professional Conduct ........................................ 3

Rule 1.7 of the California Rules of Professional Conduct ........................................ 3

Rule 1.16 of the California Rules of Professional Conduct ...................................1-4

Rule 2.1 of the California Rules of Professional Conduct ........................................ 3

## MEMORANDUM OF POINTS AND AUTHORITES

### I.    INTRODUCTION

Manatt bring this Application to be relieved as counsel of record for Plaintiffs Empawa Africa Music Services Limited and Ezeani Chidera Godfrey p/k/a Dera. Manatt does so – with Plaintiffs' consent – due to irreconcilable differences regarding litigation strategy and a breakdown in communications that have arisen between Manatt and Plaintiffs, resulting in an irreparable breakdown in their relationship. (*See* Declaration of Robert A. Jacobs ("Jacobs Decl.") ¶¶ 2-3.)

Good cause warranting withdrawal exists because these circumstances have made it unreasonably difficult for Manatt to continue representing Plaintiffs; a conflict of interest has recently arisen due to divergent case strategies that Empawa, on the one hand, and Mr. Godfrey, on the other hand, wish to implement; Plaintiffs consent to this relief; and withdrawal will not cause any prejudice or delay resolution of the case in light of the January 26, 2027 trial date. (*See id.*, ¶¶ 2-3, 6.) Furthermore, Manatt has complied with all notice and other withdrawal motion requirements (*see id.*, ¶¶ 4-5). *See generally* L.R. 7-3, 7-19 and 83-2.3. As such, the Court has authority to grant this Application, and Manatt respectfully requests that it do so.

### II.    WITHDRAWAL SHOULD BE GRANTED AS GOOD CAUSE EXISTS FOR MANATT TO WITHDRAW

#### A.    Good Cause Exists for Granting Manatt's Application

Attorneys must obtain leave of court to be relieved as counsel of record. *See* L.R. 83-2.3.2. The Court should grant a withdrawal motion when counsel shows that (1) good cause supports the motion; and (2) they have complied with all notice and rule requirements. *See generally* L.R. 83-2.3.2 - 83-2.3.5. As demonstrated below, Manatt satisfies both of these requirements.

##### 1.    Manatt Has Multiple Good Cause Grounds for Withdrawal

Rule 1.16 of the California Rules of Professional Conduct ("CRPC") sets

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

forth the grounds for seeking leave to withdraw as counsel. *See Full Tilt Boogie, LLC v. KEP Fortune LLC*, 2022 WL 3011211, at *1 (C.D. Cal. Apr. 4, 2022) (Wright, O.D.). CRPC Rule 1.16(b) authorizes "withdrawal when (a) the client renders it unreasonably difficult for counsel to continue the representation, (b) the client knowingly and freely consents to the termination of counsel, (c) the court finds other good cause for withdrawal", *Quezada v. City of Los Angeles*, 2017 WL 2562099, at *2 (C.D. Cal. June 13, 2017) (Wright, O.D.) (citation modified), or (d). "a continuation of the representation is likely to result in a violation of [the CRPC rules." CRPC Rule 1.16(b)(9).

In ruling on a motion to withdraw as counsel, courts generally consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Barrios v. Equifax Info. Servs., LLC*, 2020 WL 4919386, at *1 (C.D. Cal. June 12, 2020) (quotation omitted).

i.     *Unreasonably Difficult Representation*

Courts generally grant motions to withdraw when attorneys and their clients have an irreconcilable disagreement regarding critical elements of a lawsuit, such as strategy, that negatively impacts the attorney-client relationship. *See McLees v. Experian Info. Sols., Inc.*, No. 2:23-cv-4580-SPG-KS, 2024 U.S. Dist. LEXIS 7282, *2-3 (C.D. Cal. Jan. 11, 2024) (finding good cause for withdrawal based on "material disagreements over litigation strategy" and the "breakdown in the attorney-client relationship"); *Trs. of the Operating Eng'rs Pension Trust v. Smith-Emery Co.*, 2021 WL 12307474, *3 (C.D. Cal. Nov. 22, 2021) ("the breakdown in the attorney-client relationship between [client] and [counsel] constitutes good cause") (collecting cases).

Without waiving the attorney-client privilege, attorney work product protections, and duties that Manatt owes Plaintiffs. Manatt and Plaintiffs have

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

irreconcilable differences concerning the appropriate strategy for this lawsuit. (*See* Jacobs Decl. ¶ 2.) The disagreements between them have negatively and irreparably impacted the attorney-client relationship, foreclosing effective communication, including with respect to issues that Manatt considers to be central to the prosecution and handling of the lawsuit. (*See id.*)

For these reasons, Clients have made it "unreasonably difficult" for Manatt to "carry out the representation effectively", thereby warranting withdrawal. CRPC Rule 1.16(b)(4) (withdrawal is permissible when the client's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"); *see also* CRPC Rule 2.1 ("In representing a client, a lawyer shall exercise independent professional judgment and render candid advice."). Courts in this District routinely find sufficient an attorney's declaration filed in support of the withdrawal motion that "note[] in *general terms* that her continued representation of Plaintiffs would be unreasonably difficult." *See, e.g., Pet Chalet v. County of Riverside*, 2015 WL 13918290, at *1-2 (C.D. Cal. Mar. 23, 2015) (emphasis added); *id.* (finding valid reason to withdraw where even though in the declaration filed in support of the withdrawal motion, the attorney "cannot disclose" certain information "due to attorney-client privilege").

### ii.    *Conflict of Interest*

It is well-established in this District that "[t]he existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel." *Page v. Stanley*, 2014 WL 2472248, at *2 (C.D. Cal. June 2, 2014); *see also* CRPC Rule 1.16(b)(9) (withdrawal is proper if "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act"); CRPC Rule 1.7 (a)-(b) & Cmt. 1 (governing duty of undivided loyalty when concurrently representing clients); CRPC Rule 1.6(a) (articulating duty of confidentiality); CRPC Rule 1.4(b)(3) (articulating duty to inform clients of significant case developments). As such, Manatt's withdrawal as counsel for Plaintiffs is necessary and warranted

3

because a potential conflict of interest has recently arisen as a result of a strategy disagreement between Empawa, on the one hand, and Mr. Godfrey, on the other hand. (*See* Jacobs Decl., ¶ 3.) *See Cal Fresco, LLC v. Nutrition Corp, Inc.*, 2025 WL 1235139, at *2 (C.D. Cal. Apr. 18, 2025) (finding "ample justification for withdrawal" based on counsel's "written submissions" and the client's willful consent).

iii.    *Plaintiffs Consent to Manatt's Withdrawal*

The relief sought also is warranted because Plaintiffs willfully consent to Manatt's withdrawal, and do not oppose this motion. (*See* Jacobs Decl., ¶ 3.) Such consent, by itself, can establish good cause. *See* CRPC Rule 1.16(b)(6) (withdrawal is permissible when "the client knowingly and freely assents to termination of the representation"); *Dale v. Wells Fargo Bank, N.A.*, 2024 WL 4002615, at *1-2 (C.D. Cal. Apr. 10, 2024) (finding attorney "presents a valid reason for withdrawal" where the attorney "asserts that [the client] knowingly and freely assented to the termination of representation").

2.    The Court Should Allow Manatt To Withdraw Because It Will Not Create Delay or Prejudice as the Close of Fact Discovery and Trial Are Not Until September 2026 and January 2027, Respectively

Where counsel has made a showing to support withdrawal, the Court should grant the motion unless "withdrawal would work an injustice or cause undue delay" in the resolution of the proceeding. *See Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC*, 2018 WL 3323874, at *2 (C.D. Cal. July 5, 2018) (internal quotation marks omitted). No delay to the resolution of this case and no prejudice to defendants will result from Manatt's withdrawal. *See id.*; L.R. 83-2.3.5. The close of fact discovery and trial in this matter are not until September 14, 2026 (more than nine months from now) and January 26, 2027 (early 13 months from now), respectively. (Dkt. # 84 at 25). Courts have found no prejudice when withdrawal was sought with substantially less time than here. *See, e.g.*, *Bragel Int'l*

4

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

*Inc. v Stickeebra*, 2018 WL 8244001, at *2 (C.D. Cal. Aug. 15, 2018) (Attorney's "withdrawal will not prejudice Plaintiff or result in undue delay. Trial is more than nine months away."); *Shaffer v. Vanderbilt Commercial Lending, Inc.*, 2017 WL 9565566, at *2 (E.D. Cal. July 6, 2017) (granting withdrawal; finding no prejudice or undue delay by withdrawal where the close of fact discovery was scheduled *less than a month away* from the date of the Court's order, and organizational client had not yet found substitute counsel).

At 10 am on Tuesday, December 23, 2025, Manatt held its L.R. 7-3 conference of counsel regarding this motion. Although Manatt notified Defendants at that time about the sensitive issues that it faced in light of the intended motion), certain of the defendants nevertheless immediately sought to take advantage of the circumstances and change the landscape of the case. (*See* Jacobs Decl. ¶¶ 6-9.) A few hours after the meet and confer, certain defendants served new sets of written discovery requests on Plaintiffs, and, about an hour after that, filed a motion to compel discovery. (*See id.* ¶¶ 9-11; Dkt. # 92.) In light of the breakdown in communication and the attorney-client relationship between Manatt and Plaintiffs, these actions prejudice Manatt and Plaintiffs, not Defendants.

**B.      Manatt Provided Written Notice of the Application to All Plaintiffs and Defendants, and Informed Empawa in Writing that it Cannot Appear Pro Se and the Consequences Thereof**

A motion to withdraw "must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Cal Fresco, LLC v. Nutrition Corp, Inc.*, 2025 WL 1235139, at *1 (C.D. Cal. Apr. 18, 2025) (quoting L.R. 83-2.3.2). Additionally, when the client is a business entity, counsel also "must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

Manatt complied with these notice requirements. Manatt sent the Clients written notice informing them that (i) Manatt intended to withdraw as counsel; (ii)

5

the Clients could and should retain new counsel, and that Manatt would give them an opportunity to do so as a possible measure to avoid the necessity of filing a motion to withdraw; and (iii) as a business entity, Empawa could not represent itself in the lawsuit and faced consequences from the Court – *i.e.*, the dismissal of Empawa's claims — if Empawa did not obtain new counsel. (Jacobs Decl., ¶ 5.) Such notice satisfied the requirements of L.R. 83-2.3.2 and L.R. 83-2.3.4. *Compare Saregama India Ltd. v. Triller Platform Co.*, 2025 WL 2670878, at *2 (C.D. Cal. Aug. 1, 2025) ("*Saregama I*") (denying withdrawal without prejudice because supporting motion failed to specify if notice (i) was written or (ii) informed business entity party that it could not appear pro se), *with Saregama India Ltd. v. Triller Platform Co.*, 2025 WL 2670879, at *2 (C.D. Cal. Sept. 9, 2025) (Wright, O.D.) (granting withdrawal after counsel cured the notice deficiencies outlined in *Saregama I* in a renewed motion to withdraw).

Finally, Manatt provided Defendants with advanced written notice of this motion pursuant to L.R. 83-2.3.2. Specifically, on December 22, 2025, Manatt emailed Defendants requesting a conference "to discuss a withdrawal motion." (Jacobs Decl., ¶ 6.) On December 23, 2025, Manatt had a lengthy meet and confer with Defendants regarding the grounds of the motion. (*Id.* ¶¶ 6-7.) Further, on December 31, 2025, Manatt called and left messages for each Defendant's lead counsel advising them of this application and the grounds therefor, and asking them to confirm whether they intend to object to the application. (*Id.* ¶ 14.)  In response to these efforts, (i) counsel for Defendants RSM Publishing LLC, Universal Music Corp., and Songs of Universal, Inc. (collectively "RSM and UMPG") informed Manatt that these Defendants **consent** to the relief sought in this Application; (ii) counsel for Defendants Benito Antonio Martinez Ocasio p/k/a Bad Bunny, Rimas Entertainment LLC ("Rimas"), Orchard Enterprises NY, Inc., Apple Inc., and Spotify USA Inc. sent Manatt an email stating that these Defendants "**conditionally consent**" to the relief sought in this application, subject to the conditions described

6

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

in the email annexed at Exhibit D to the accompanying Jacobs Declaration; and (iii) counsel for the remaining Defendant, Warner-Tamerlane Publishing Corp., did not respond to Manatt's outreach. (*Id.* ¶¶ 14, 15 & Exh. D (bold added).)

## III.    EX PARTE RELIEF IS WARRANTED HERE

### A. Ex Parte Relief is Warranted

The immediate withdrawal of Manatt is warranted because Defendants' conduct in the wake of the parties' L.R. 7-3 Conference regarding Manatt's withdrawal motion on December 23, 2025 has made the need for Plaintiffs to seek new counsel urgent. In particular, just hours after the conference, (i) Defendant Rimas filed a motion to compel discovery responses, and unilaterally set a January 20, 2026 hearing date for the motion. (*See* Dkt. 92; Jacobs Decl. ¶¶ 9, 11); and (ii) Defendants RSM and UMPG served extensive new written discovery on Plaintiffs, requiring responses by January 22, 2026. (Jacobs Decl., ¶¶ 9-10.) The foregoing hearing date and discovery response deadline are both prior to when the Court could first hear a regularly filed noticed motion. Due to the breakdown in the attorney-client relationship between Manatt and Plaintiffs and the conflict that has arisen, Manatt is unable to continue to provide effective representation to Plaintiffs and simultaneously comply with its professional obligations and duties to them and the Court. Plaintiffs undoubtedly would be prejudiced if a decision on the withdrawal did not occur before the January 20, 2026 motion to compel hearing and the January 22, 2026 discovery deadline.[1]

Specific facts which give rise to this ex parte application are protected by the attorney-client privilege. In the event the Court desires additional information to grant this Application, Manatt respectfully requests that the Court conduct an *in camera* review outside of the presence of all other parties and their counsel,

---

[1] This remains the case notwithstanding that, as of this filing, Empawa has not retained new counsel. *Cal Fresco*, 2025 WL 1235139, at *2 ("Although corporate parties may not appear before the Court without counsel, federal courts routinely include, in orders granting motions to withdraw, a directive that corporate parties file a substitution of counsel by a date certain or face default." (internal citations and quotations omitted)).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

pursuant to Local Rule 79-6.

**B.    Local Rule 7-19 and Judge Wright's Requirements are Satisfied**

Pursuant to Local Rule 7-19, this Memorandum in support of the Application includes "the name, address, telephone number and e-mail address of counsel for the opposing party", as follows:

Defendants Benito Antonio Martinez Ocasio p/k/a Bad Bunny, Rimas Entertainment LLC, Orchard Enterprises NY, Inc., Apple Inc., and Spotify USA Inc.:

Karen L. Stetson, Esq.
GRAY ROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Tel.: (305) 416-6880
Email: karen.stetson@gray-robinson.com

Jeffrey D. Goldman, Esq.
LAW OFFICE OF JEFFREY D. GOLDMAN
425 1st Street
Manhattan Beach, California 90266
Tel.: (310) 904-9751
Email: jdg310@gmail.com

Defendants RSM Publishing LLC, Universal Music Corp., and Songs of Universal, Inc.:

A. Sasha Frid, Esq.
Adam M. Agatston, Esq.
James R. Nikraftar, Esq.
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400
Emails: sfrid@millerbarondess.com
aagatston@millerbarondess.com
jnikraftar@millerbarondess.com

Defendant Warner-Tamerlane Publishing Corp.:

Tal Dickstein, Esq.
LOEB & LOEB, LLP

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Sarah Levitan Perry, Esq.
345 Park Avenue
New York, New York 10054
Tel.: (212) 407-4000

Lauren J. Fried, Esq.
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Tel.:  (310) 282-2000
Fax:  (310) 282-2200
Email:  lfried@loeb.com

## IV.    CONCLUSION

For the foregoing reasons, Manatt respectfully asks the Court to grant its

Application, relieving Manatt as counsel of record for Plaintiffs.

Dated:  December 31, 2025    MANATT, PHELPS & PHILLIPS, LLP


By: /s/ *Robert A. Jacobs*
Robert A. Jacobs

*Attorney for Plaintiffs*
EMPAWA AFRICA MUSIC SERVICES
LIMITED and EZEANI CHIDERA GODFREY
p/k/a DERA

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs Empawa Africa Music Services Limited and Ezeani Chidera Godfrey, certifies that this brief contains 2, 448words, which complies with the word limit of L.R. 11-6.1.

Dated: December 31, 2025     MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert A. Jacobs*
        Robert A. Jacobs

*Attorney for Plaintiffs*
EMPAWA AFRICA MUSIC SERVICES LIMITED and EZEANI CHIDERA GODFREY p/k/a DERA

10

MANATT'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES